[Civ. No. 51847. Second Dist., Div. Five. Mar. 3, 1978.]

SAMUEL MARTINEZ, Plaintiff and Appellant, v.
COUNTY OF LOS ANGELES, Defendant and Respondent.

**COUNSEL**

Erwin Sobel and Max Abrams for Plaintiff and Appellant.

Patterson, Ritner & Lockwood, Harold H. Gartner III, Jeralyn Keller, Horvitz, Greines & Horowitz and Ellis J. Horvitz for Defendant and Respondent.

**OPINION**

KAUS, P. J.—Appeal from a judgment of dismissal which followed a trial court's order sustaining defendant's general demurrer without leave to amend.

## The Complaint

The complaint alleges that the plaintiff submitted himself to surgery at one of the defendant county's medical facilities on October 1, 1975, that employees of the county committed malpractice in connection with the surgery, that plaintiff discovered the malpractice in March 1976 and filed a claim, later rejected, on May 24, 1976.

In connection with its demurrer the county asked the court to take judicial notice of the claim filed, as noted, on May 24, 1976. It is on a form devised by the county, which contains four questions, all of which were answered by plaintiff. The questions and answers are copied below.[1] The county rejected the claim by letter which, as relevant, stated: "A preliminary review of this matter indicates that this claim was not timely filed and it is being denied on that basis. No further action will therefore be taken on this matter."

## Discussion

Relevant to this appeal are certain provisions of the Government Code[2] and case authority interpreting them. The required contents of a claim are found in Government Code section 910, which does not require the claimant to state when his cause of action accrued. Section 910.4 permits the public entity to provide forms for such claims and provides that "[a] claim presented on a form provided pursuant to this section shall be deemed to be in conformity with Sections 910 and 910.2 if the claim complies substantially with the requirements of the form or with the requirements of Sections 910 and 910.2."[3] Section 910.8 permits the entity to give written notice of any insufficiency of a claim within 20 days after it is presented. It then may not act on the claim for 15 days. Pursuant to section 910.6 the claimant may then amend the claim before

---

[1] "*When* did damage or injury occur? (Give exact date and hour)
"During course of surgery in October, 1975.
"*Where* did damage or injury occur?
"Los Angeles County General Hospital.
"*How* did damage or injury occur? (Give full details)
"Negligent performance of surgery on claimant.
"*What* particular Act or Ommission [sic] on the part of County Officers or employees caused the injury or damage"
"Improper diagnosis or surgical procedure."

[2] Unless otherwise noted, all statutory references are to the Government Code.

[3] Section 910.2 requires the claim to be signed by the claimant or someone on his behalf.

the entity acts on it. If no notice under section 910.8 is given all defects in the claim—except a lack of the claimant's address—are waived. (§ 911. See *Foster* v. *McFadden* (1973) 30 Cal.App.3d 943, 947-948 [106 Cal.Rptr. 685].) ■ Claims must be presented within 100 days "after the accrual of the cause of action." (§ 911.2.) The 100-day period starts to run whenever the underlying cause of action accrues. (*Whitfield* v. *Roth* (1974) 10 Cal.3d 874, 884-885 [112 Cal.Rptr. 540, 519 P.2d 588]; *Wozniak* v. *Peninsula Hospital* (1969) 1 Cal.App.3d 716, 722-723 [82 Cal.Rptr. 84].) In a malpractice action the relevant date is, therefore, the date of actual or constructive discovery. (*Whitfield* v. *Roth, supra,* p. 885; *Wozniak* v. *Peninsula Hospital, supra,* pp. 722-723; *Sanchez* v. *South Hoover Hospital* (1976) 18 Cal.3d 93, 101 [132 Cal.Rptr. 657, 553 P.2d 1129]; Code Civ. Proc., § 340.5.)

■ The county, therefore, necessarily concedes that the complaint —as distinguished from the claim—adequately alleges that in view of the discovery of the malpractice in March 1976, the May 24, 1976 claim was timely. What the county does claim is that "[t]he claim, on its face, was filed in an untimely manner and, the county had no alternative but to advise the claimant that the claim had not been filed in a timely manner and that, no action could be taken."

The premise of the county's argument—that the claim was untimely on its face—is incorrect. The claim was obviously one for malpractice. Therefore its statement that the injury occurred during the course of surgery in October 1975 told the county nothing concerning the event—discovery of the malpractice—which caused the cause of action to accrue and trigger the start of the 100-day period. Normally, of course, where a claim is based on a cause of action which accrues at the time of the wrongful act, information concerning the date of the claimed wrong enables the public entity to determine whether the claim is timely or late.[4] This bonus is simply not available where, as here, the accrual of the cause of action depends on the claimant's actual or constructive discovery of certain facts. The most that the county could have gathered from the claim, as presented, was that it might have been untimely.

---

[4]That was the case in *Collins* v. *County of Los Angeles* (1966) 241 Cal.App.2d 451 [50 Cal.Rptr. 586], the only authority relied on by the county. There the alleged tort was false arrest on June 3, 1963. The claim was filed on December 27, 1963, allegedly within 100 days of discovery of the unlawfulness of the arrest on October 24, 1963. The court held that the claim was late because a cause of action for false arrest accrues at the latest at the time of the termination of imprisonment. (*Id.,* pp. 454-456.) Therefore and only therefore was the county required to disregard the claim.

Assuming, without deciding, that the public entity is entitled to know from the face of the claim that it is timely, we note that the county's form did not call for information relevant to that issue, that pursuant to section 910.4 therefore the claim was deemed to comply with section 910, that the county did not give a notice of insufficiency under section 910.8 and that, therefore, the alleged defect was, in any event, waived. (§ 911.)

The judgment is reversed.

Stephens, J., and Hastings, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 11, 1978.