[Civ. No. 18712. Fourth Dist., Div. One. Apr. 2, 1980.]

JOHN R. BOHRER et al., Plaintiffs and Appellants, v.
COUNTY OF SAN DIEGO et al., Defendants and Respondents.

**COUNSEL**

William E. Blatchley for Plaintiffs and Appellants.

Donald L. Clark, County Counsel, Lloyd M. Harmon, Jr., Chief Deputy County Counsel, and Robert Valentino, Deputy County Counsel, for Defendants and Respondents.

OPINION

**GREER, J.\*—**Plaintiffs John R. Bohrer individually and Neil J. Bohrer, a minor, by his guardian ad litem and Lucille Bub, sued the County of San Diego and San Diego County Community Mental Health Service for damages sustained as a result of the wrongful death of Darlene Bub Bohrer. The decedent was the wife of John R. Bohrer, the mother of Neil J. Bohrer and daughter of Lucille Bub.

The trial court sustained the defendant's demurrer to the complaint without leave to amend on the grounds that:

(1) Plaintiffs' complaint fails to state causes of action in that it does not allege the required claim to the County of San Diego;

(2) The complaint in the first and second cause of action fails because of a statutory governmental immunity;

(3) The complaint in the first and second cause of action failed to state a cause of action because of "foreseeability."

Plaintiffs appeal from the ensuing judgment of dismissal.

Accepting as true the relevant factual allegations in the complaint as is required in reviewing an order sustaining a demurrer (*Vedder v. County of Imperial* (1974) 36 Cal.App.3d 654, 658 [111 Cal.Rptr. 728]; *Aweeka v. Bonds* (1971) 20 Cal.App.3d 278, 280 [97 Cal.Rptr. 650], the following facts are set forth.

On January 17, 1975, the decedent, Darlene Bub Bohrer, came to the San Diego County Community Mental Health Service for professional and medical assistance stemming from a then existing state of depression. The decedent was continually treated from January 17, 1975, through and up to the date of her death, August 6, 1977. On December 6, 1976, decedent received a prescription prescribed by a representative of the County of San Diego for Sinequan, 25 milligrams. The purpose of the drug was to alleviate decedent's continuing state of depression and inability to sleep. The decedent further was treated by weekly visitation to the clinic as well as receiving other drugs in addition to the Sinequan. During the months of June and July 1977, decedent received

---

\*Assigned by the Chairperson of the Judicial Council.

in excess of 140 units of 50 milligrams Sinequan and 190 units of 50 milligrams of Benedryl. The total number of pills and the units of each medication constituted a lethal dosage when not properly supervised in its dispensation and use.

On July 7, 1977, decedent's mother, Lucille Bub, contacted defendant Community Mental Health Service and advised them that decedent was abusing her Sinequan by taking six at one time and sleeping for periods of a day or more. After receiving this notice, with knowledge of the continuing abuse, defendants continued to dispense the drug and in fact, on July 21, 1977, increased the dosage by providing 28 units of Sinequan, 100 milligrams and continued to prescribe and dispense Benedryl.

On August 6, 1977, plaintiff Lucille Bub became alarmed due to the lack of contact and went to the decedent's residence where decedent was found dead at 4:55 p.m. in a state of advanced putrefaction.

The county demurred to the complaint on the ground the pleadings failed to allege facts sufficient to state a cause of action in that:

(1) The complaint does not allege presentation of the required claim to the County of San Diego, a public entity;

(2) The county enjoyed sovereign immunity pursuant to Government Code[1] section 854.8, and the immunity offered by sections 820.2 and 815.2, subdivision (b) read in combination as applied to the facts of the pleading;

(3) The first cause of action failed to state a claim because as a matter of law, decedent's suicide was an independent intervening cause.

As to the second cause of action set forth, the county asserts in addition to the first two grounds set forth above, that the complaint fails to show the injuries to plaintiff Lucille Bub, were reasonably foreseeable even under the expanded concept of foreseeability as set forth in *Dillon v. Legg* (1968) 68 Cal.2d 728 [69 Cal.Rptr. 72, 441 P.2d 912, 29 A.L.R.3d 1316]. The trial court sustained the demurrer without leave to amend and entered a judgment of dismissal.

---

[1]All section references are to the Government Code unless otherwise specified.

Plaintiffs appeal the judgment and contend that:

(1)   Although their failure to allege presentation of a claim against a public entity is demurrable, the court abused its discretion in sustaining the demurrer without leave to amend where the defect was curable;

(2)   The county is not immune under any of the applicable immunity sections of the Government Code;

(3)   The trial court improperly took judicial notice of the coroner's report (and implicitly the death certificate);

(4)   The second cause of action set forth sufficient facts to allege a foreseeable risk of harm to plaintiff Lucille Bub.

The court agrees with the first three contentions as will be set forth.

### ■ *Failure to Plead Compliance With the Claim Statute*

As a condition precedent to the maintenance of an action against a public entity "for money damages," a written claim must first be presented to and be rejected by the entity's governing board (§§ 945.4, 950.2, 950.6, subd. (a)).

The plaintiffs have the burden of pleading and proving compliance with the claim presentation requirement. Failure to satisfy this burden is ordinarily fatal to the plaintiffs' cause of action (*Martinez* v. *County of Los Angeles* (1978) 78 Cal.App.3d 242 [144 Cal.Rptr. 123]; *Dujardin* v. *Ventura County Gen. Hosp.* (1977) 69 Cal.App.3d 350 [138 Cal.Rptr. 20]).

Here plaintiffs concede their failure to allege presentation of the claim. The county concedes the claim was presented and if the failure to plead compliance was the only defect in the complaint, the granting of the demurrer without leave to amend would be improper.

An amendment should be allowed where the defect may be cured by supplying omitted allegations. Here absent other defects in the complaint, the plaintiffs should be allowed to cure their failure to plead the compliance with the claims statutes (*Goodman* v. *Kennedy* (1976) 18 Cal.3d 335 [134 Cal.Rptr. 375, 556 P.2d 737]; 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 845, p. 2450).

■ *Governmental Immunity*

It must first be noted the plaintiffs have stated a cause of action only against a public entity. No individual employee has been named in the plaintiffs' complaint.

The county argues the discretionary immunity of section 820.2 is applicable to the county by virtue of section 815.2, subdivision (b) and precludes liability under the concept of "discretionary function."

Section 820.2 declares, with exceptions not applicable here, that ". . . a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."

Section 815.2, subdivision (b)[2] extends that immunity to the public entity where the employee is immune. The question thus presented is whether the conduct of the agency through its employees amounts to an exercise of discretion.

The Supreme Court in *Tarasoff* v. *Regents of University of California* (1976) 17 Cal.3d 425, 445 [131 Cal.Rptr. 14, 551 P.2d 334, 83 A.L.R.3d 1166] stated: "Noting that virtually every public act admits of some element of discretion, we drew the line in *Johnson v. State of California* (1968) 69 Cal.2d 782. . . between discretionary policy decisions which enjoy statutory immunity and ministerial administrative acts which do not. We concluded that section 820.2 affords immunity only for '*basic* policy decisions.' (See also *Elton v. County of Orange* (1970) 3 Cal.App.3d 1053, 1057-1058. . .; 4 Cal. Law. Revision Com. Rep. (1963) p. 810; Van Alstyne, Supplement to Cal. Government Tort Liability (Cont.Ed.Bar 1969) § 5.54, pp. 16-17; Comment, *California Tort Claims Act; Discretionary Immunity* (1966) 39 So. Cal.L.Rev. 470, 471; cf. James, *Tort Liability of Governmental Units and Their Officers* (1955) 22 U.Chi.L.Rev. 610, 637-638, 640, 642, 651.)"

The *Tarasoff* court then concluded: ". . . that the immunity's scope should be no greater than is required to give legislative and executive

---

[2]Section 815.2, subdivision (b) reads: "Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability." (Added Stats. 1963, ch. 1681, § 1, p. 3268.)

policymakers sufficient breathing space in which to perform their vital policymaking functions." (*Id.* at p. 445.)

The decision of *Guess* v. *State of California* (1979) 96 Cal.App.3d 111, 118 [157 Cal.Rptr. 618] stated: "Public employees are not exempted...from liability for injuries arising from negligence or wrongful acts in prescribing treatments or in administering prescribed treatments."

Applying these principles to the facts as alleged in the plaintiffs' complaint, we must conclude the conduct of the county amounted to the negligent administration of a decision made by some unnamed person which led to the death of an outpatient. Further, this decision was not a policymaking decision which was sufficiently sensitive to justify the application of a blanket governmental immunity.

The county argues the decision to allow decedent to retain her autonomy and self-respect by permitting her to administer her own medication was a discretionary act worthy of blanket immunity under the Government Code. This argument may have some merit but the act we are involved in testing here is the decision of July 21, 1977, to increase the dosage from 50 to 100 milligrams and dispense 28 units of Sinequan, 100 milligrams—after notice the patient was abusing her drugs. To alter the concept of "discretionary function" to apply to these acts would amount to a grotesque perversion of the legislative intent to immunize "basic" policy decisions and would ignore the boundaries previously drawn between discretionary policy and ministerial administrative acts (*Tarasoff* v. *Regents of University of California, supra,* 17 Cal.3d 425; *Johnson* v. *State of California, supra,* 69 Cal.2d 782).

Defendant county also argues, if the defense of discretionary function is not applicable, then the county is immune under the provisions of section 854.8 which provides in pertinent part: "Notwithstanding any other provision of this part, except as provided in...Sections 814, 814.2, 855, 855.2, a public entity is not liable for:

"(1) An injury proximately caused *by a patient* of a mental institution." (Italics added.)

Based upon this section the county argues (1) Darlene Bub Bohrer (decedent) was a "patient" of a mental institution; (2) She proximately caused an "injury" to her heirs, in this instance.

The first step in this argument is well supported. The Law Revision Commission's comment to the 1970 amendment to section 854.8 clearly demonstrates the broad term "patient," when used by this section, refers to both inpatients and outpatients (*Guess* v. *State of California, supra*, 96 Cal.App.3d 111). The decedent was a "patient" of a mental institution.

The final step necessary to bring this action under the immunity of section 854.8 is reached only by factually concluding by way of a demurrer, this injury was proximately caused by the decedent.

The county has argued the court below was entitled to take judicial notice of the death certificate which provided the immediate cause of death was "Doxepin poisoning," "Self-ingested overdose," "Suicide."

As will be more fully set out below, we find the court erred in failing to address the question of whether the decedent "proximately caused" an injury and by taking improper judicial notice of the death certificate of the decedent and concluding she committed suicide. Since this is the keystone of the county's immunity argument under section 854.8, that argument must also fail.

### Proximate Cause—A Question of Fact

The county in its immunity argument confuses the question of proximate cause, here a question for the trier of fact, with the question of duty (*DeArmond* v. *Southern Pacific Co.* (1967) 253 Cal.App.2d 648 [61 Cal.Rptr. 844]). In the usual negligence case the issue of "proximate cause" presents a question of fact for the jury (*Ewing* v. *Cloverleaf Bowl* (1978) 20 Cal.3d 389 [143 Cal.Rptr. 13, 572 P.2d 1155]; *Weirum* v. *RKO General, Inc.* (1975) 15 Cal.3d 40 [123 Cal.Rptr. 468, 539 P.2d 36]; 4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, § 492, p. 2755; Prosser, Torts (4th ed. 1971) ch. 7, p. 236 et seq.)

The plaintiffs' complaint at paragraph XVII alleged "as a direct and proximate result of the negligent acts of the defendants . . . the decedent Darlene Bub Bohrer, died." The determination of this question, or the alternative question argued by the county cannot be reached by any other means than submission to a trier of fact.

### Death Certificate

The rule a demurrer lies only for defects appearing on the face of the complaint has several practical exceptions, one of which is that a complaint may be read as if it included matters judicially noticed (Code Civ. Proc., § 430.70). Thus the question becomes whether or not the question of "suicide" set forth in the death certificate and coroner's report was a fact subject to judicial notice under section 452 of the Evidence Code and may be utilized by the court in ruling on the demurrer.

Section 10577 of the Health and Safety Code[3] provides a death certificate properly certified is prima facie evidence, in all courts of the facts stated therein. Evidence Code section 1281 provides a certificate of death is not made inadmissible by the hearsay rule subject to certain requirements not at issue herein.

■ Absent a special statute, there is no authority for the court to take judicial notice of a conclusion of suicide from a governmental document to establish the cause of death (*Thinguldstad* v. *United States* (S.D.Ohio 1972) 343 F.Supp. 551).

■ If California Health and Safety Code section 10577 expressly provides for admissibility of the California record as prima facie evidence of the "cause of death," the trial court misapplied this provision to effectively utilize the conclusion of suicide as a conclusive presumption which the plaintiff could not further dispute.

The line of cases, including *People* v. *Holder* (1964) 230 Cal.App.2d 50 [40 Cal.Rptr. 655]; *McClaflin* v. *Bayshore Equipment Rental Co.*, 274 Cal.App.2d 446 [79 Cal.Rptr. 337]; *Romero* v. *Volunteer State Life Ins. Co.* (1970) 10 Cal.App.3d 571 [88 Cal.Rptr. 820]; and *Pilcher* v. *New York Life Ins. Co.* (1972) 25 Cal.App.3d 717 [102 Cal.Rptr. 82] all deal with the issue of admissibility at the time of trial and present a question of admissibility as an element of a question of fact which is not before the court at this time.

---

[3]Health and Safety Code section 10577 provides: "Any birth, fetal death, death, or marriage record which was registered within a period of one year from the date of the event under the provisions of this division, or any copy of such record or part thereof, properly certified by the State Registrar, local registrar, or county recorder, is prima facie evidence in all courts and places of the facts stated therein."

Based upon the clear and concise language of Health and Safety Code, section 10577, it would be error to utilize the entry of "suicide" as a cause of death as the predicate of a conclusion this was "an injury caused by a patient."

It would be equally inappropriate to conclude the decedent's suicide was an independent intervening cause of death to preclude the plaintiff from alleging the county was a proximate cause of the death of Darlene Bub Bohrer as was apparently determined by the trial court in its findings.

### ■ The Second Cause of Action Fails to Plead Facts Placing Lucille Bub Within the Zone of Foreseeable Risk

The complaint clearly sets forth the fact decedent's mother found the body of her daughter long after death occurred. The Supreme Court decision of *Dillon v. Legg, supra*, 68 Cal.2d 728, 740-741 sets forth a three-pronged test to determine foreseeability. "(1) Whether plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it. (2) Whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after the occurrence. (3) Whether plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship."

The standards set forth by the first two elements clearly preclude the plaintiff from any inclusion within the zone of forseeability.

Here plaintiff Lucille Bub attempts to distort the meaning of the term "accident" to include her finding the body long after death. Such an expansion of this concept finds no basis in law.

In the instant case it is claimed that Lucille Bub did not observe the event which caused the death, did not observe the decedent dying, and actually arrived on the scene a substantial time after her daughter's death. (Cf. *Archibald v. Braverman* (1969) 275 Cal.App.2d 253 [79 Cal.Rptr. 723]; *Nazaroff v. Superior Court* (1978) 80 Cal.App.3d 553 [145 Cal.Rptr. 657].)

*Conclusion*

For the reasons stated above we conclude the plaintiffs, John R. Bohrer and Neil J. Bohrer, should be permitted to amend their complaint to state a cause of action alleging compliance with the claims statute. The judgment in favor of the county against plaintiff Lucille Bub is affirmed. The judgment in favor of the County of San Diego and San Diego County Community Mental Health Service against John R. Bohrer and Neil J. Bohrer is reversed.

The trial court is directed on remand to allow the plaintiffs John R. Bohrer individually and Neil J. Bohrer by his guardian ad litem, leave to amend their complaint in accordance with the views expressed herein.

Staniforth, Acting P. J., and Wiener, J., concurred.