[No. E001791. Fourth Dist., Div. Two. Apr. 2, 1986.]

SHIRA WILLIAMS, Plaintiff and Appellant, v.
LAWRENCE BRASLOW et al., Defendants and Respondents.

**COUNSEL**

Judy R. Bailey for Plaintiff and Appellant.

Fidler & Bell and Michael A. Bell for Defendants and Respondents.

**OPINION**

**McDANIEL, J.**—The appeal here is from a summary judgment entered in favor of defendant County of Riverside (defendant county), owner and operator of the Riverside County General Hospital. The judgment dismissed plaintiff's action, as to defendant county, brought for her personal injuries resulting from medical malpractice allegedly committed by various persons also alleged to have been employees of defendant county.

One of the theories upon which the motion was pursued, one which proved to be decisive, was that whereas the *proposed claim,* prepared on plaintiff's behalf pursuant to the Tort Claims Act, designated Dr. Braslow as "the public employee causing the claimant's injury," the undisputed fact was that Dr. Braslow had never been an employee of defendant county.

Apparently relying on this pivotal showing, the trial court granted the motion, there being no issue of fact on this point which provided the defendant county, according to its argument, a complete defense to plaintiff's action, based as it was on a respondeat superior theory. However, the de-

limiting rule, relied upon by the court, is subject to a saving exception which it did not take into account. Accordingly, the court's ruling and judgment based thereon will be reversed with directions.

## BACKGROUND FACTS

Plaintiff underwent surgery known as "gastric partitioning" performed by defendant Dr. Braslow at Riverside General Hospital, with defendant Dr. Nelson and defendant Dr. Neilson attending and assisting in a manner not disclosed by the record. The initial surgery was performed on or about April 6, 1981. Before that date, plaintiff, who was suffering from "morbid obesity," consulted a Dr. Stevens about treatment for her depression brought on by this condition. After consultation with Dr. Stevens, plaintiff was referred to Dr. Braslow and conferred with him in his office at Parkview Hospital. A decision was then and there made by plaintiff to submit to the surgical procedure noted, at which time Dr. Braslow explained that it would have to be conducted at Riverside General Hospital because certain equipment necessary to perform the surgery was unavailable at Parkview.

On November 17, 1981, for reasons which will soon be apparent, plaintiff, acting through counsel, applied to defendant county for leave to present a late claim against it as provided for in section 911.4 of the Government Code. In the text of the *proposed claim,* submitted with the application, it was recited that "[d]uring the gastric partitioning surgery, a row of staples were placed across one loop of Claimant's small bowel causing a total obstruction. As a result of Claimant's small bowel being negligently stapled, she developed peritonitis, sepsis, acute respiratory distress syndrome and a gastric perforation, amongst [*sic*] other things. Because of these conditions she was subjected to additional surgeries." The text of the claim continued, "5. Claimant's injuries, due to her septic condition extended through her entire system, prohibiting her from making a timely recovery and returning to her former employment;" Then followed the legend first quoted above, characterizing Dr. Braslow as the "public employee" who caused plaintiff's injury.

Defendant county's board of supervisors, through inaction, allowed the application to be denied by operation of law and gave written notice thereof to plaintiff over the date of January 5, 1982. On April 2, 1982, plaintiff petitioned timely the Riverside County Superior Court pursuant to section 946.6 of the Government Code for relief from section 945.4 of the Government Code for her failure to file a timely claim as required by California's Tort Claims Act, section 810 et seq. of the Government Code, particularly section 911.2 thereof.

## Synopsis of the Trial Court Proceedings

At the time she filed the petition, just above noted, plaintiff also filed a complaint for damages against Lawrence Braslow, M.D., Steven Nelson, M.D., Virgil Neilson, M.D., Riverside County General Hospital, and Riverside County as named defendants. There is nothing in the clerk's transcript or the initial record on appeal to indicate what disposition was made of the section 946.6 petition; however, in her brief, plaintiff represents to us that such petition was granted, thus relieving her of the requirements of section 945.4 of the Government Code.[1] In any event, we have augmented the record on our own motion, by calling up the complete superior court file. It shows that the petition was granted on April 22, 1982, before defendant county had made any effort to question the complaint's failure to allege compliance with section 945.4 of the Government Code.

Plaintiff thereafter filed successive pleadings, until finally her fourth amended complaint was filed in August of 1984. Concurrently with its answer to plaintiff's fourth amended complaint, defendant county filed its notice of motion for summary judgment with supporting papers.

These supporting papers were mostly aimed at the substantive aspects of whether there had been any negligence on the part of the doctors, the hospital or the latter's nursing staff. Plaintiff's initial filings in opposition responded in kind.

However, the supporting papers did include a contention that there was no evidence that Dr. Braslow was an agent or employee of defendant county. To support this contention, excerpts of plaintiff's deposition were quoted wherein it was brought out that Dr. Braslow's office was at Parkview Hospital, a private facility.

The motion was not argued on October 10, 1984, the date for which it had originally been noticed. Without appearances, it was continued eventually to December 12, 1984, and in the interim there were additional filings. On December 4, 1984, defendant county filed further supporting papers which included the declaration of Neal D. Asay, hospital administrator for Riverside General Hospital, in which he declared, among other things, "that I have reviewed the personnel records for employees employed by Riverside General Hospital from 1980 through the present and found, at no time, was Dr. Lawrence Braslow, ever an employee of Riverside General

---

[1] In pertinent part, section 945.4 of the Government Code provides that "no suit for money or damages may be brought against a public entity . . . until a written claim therefor has been presented to the public entity . . . ."

Hospital . . . ." On December 7, 1986, plaintiff filed additional papers in opposition which contained no declarations but included copies of plaintiff's application for leave to present late claim, of plaintiff's *proposed claim,* of plaintiff's declaration in support of application to present a late claim, of plaintiff's counsel's declaration in support of application to present late claim and of defendant county's notice of denial of application to present late claim.

In her supplemental points and authorities filed in opposition to the motion, plaintiff urged "However, if this court were to rule that the plaintiff is bound by the claim as it was presented on 11-17-81, than [*sic*] plaintiff submits: 'If it appears from the affidavits submitted in opposition to the motion that facts essential to justify opposition may exist but cannot, for reasons stated, then be presented, the court shall deny the motion, or order a continuance to permit affidavits to be obtained or discovery to be had or make such other orders as may be just.' (See CCP, § 437c(h).[)]"

When the matter came on for argument, the trial court noted that certain of the filings referable to the motion were untimely because not presented 14 days or more before the date of the hearing. The same applied to a declaration of plaintiff's counsel which was offered for filing at the time of the hearing of the motion. The court eventually decided to consider all these items, including the declaration of plaintiff's counsel, last noted, without regard to the 14-day rule, all of which resulted in the court's waiving the requirements of the rule.

Summarizing the latter declaration, it undertook to explain that at the time the proposed claim was formulated and attached to the application for leave to file a late claim, the best information available led counsel to "assume" that Dr. Braslow was a public employee of defendant county. The declaration went on to recite the difficulties in getting the records from the hospital even as late as January 19, 1983. Particularly it declared, "It was impossible to determine all public employees and other parties involved in plaintiff's treatment let alone have a physician and nurse review these records to determine all the persons guilty of medical malpractice . . . ."

After extended oral argument, which included differing views on the meaning and application of section 910.8[2] of the Government Code, the court concluded that that section was inapplicable and then stated, "Riverside General Hospital['s motion] is good. I don't think there is any claim

---

[2]In pertinent part, section 910.8 provides, "If in the opinion of the board . . . a claim as presented fails to comply substantially with the requirements of sections 910 and 910.2 . . . the board . . . may, at any time within 20 days after the claim is presented, give written notice of its insufficiency, stating with particularity the defects or omissions therein."

except maybe [through] Dr. Braslow. The evidence seems to be Dr. Braslow was not an employee of the hospital nor an agent of the hospital. He was authorized by the hospital to use his [*sic*] facilities, yes. But I don't think that makes him an agent. [¶] Summary Judgment as to Riverside General is granted." This appeal followed.

## DISCUSSION

In support of her appeal, plaintiff has mostly urged general propositions relative to any motion for summary judgment with which no one could take exception, e.g., "A Motion for Summary Judgment Will Be Denied Where a Triable Issue of Fact Exists." Each of the five contentions fitting this characterization is fully supported by citations of authorities and commentaries on the holdings of those authorities. However, there is no effort to relate and apply these propositions to the facts of this case and particularly her theory of liability based on respondeat superior, i.e., whether Dr. Braslow was or was not a public employee of defendant county when he performed surgery on plaintiff.[3]

Turning then to an attempt to identify and resolve the issues on appeal actually presented by the record, we are constrained to observe again that this is an appeal from a summary judgment. In testing the propriety of such a judgment, we are not only guided, but limited, by a very strict and detailed set of rules.

In *Stationers Corp.* v. *Dun & Bradstreet, Inc.* (1965) 62 Cal.2d 412 [42 Cal.Rptr. 449, 398 P.2d 785], the Supreme Court said, "The matter to be determined by the trial court in considering such a motion is whether the defendant (or the plaintiff) has presented any facts which give rise to a triable issue. The court may not pass upon the issue itself. Summary judgment is proper only if the affidavits in support of the moving party would

---

[3]Other difficulties we encountered with plaintiff's brief were also apparently experienced by counsel for defendant county. In their brief they state, "RIVERSIDE COUNTY is both amazed and baffled by plaintiff's argument in her opening brief. She makes reference to defendant BRASLOW's answers to interrogatories, Dr. Nelson's deposition, plaintiff's deposition, Dr. Braslow's office records, Dr. Vargas's office records, Dr. Braslow's second set of answers to interrogatories, Dr. Braslow's demurrer to the amended complaint, Dr. Braslow's answer to the fourth amended complaint, a notice of ruling dated September 21, 1984, the deposition of John S. Wilson, M.D., and Dr. Braslow's responses to requests for admissions, all of which do not appear in the record on appeal. As the appellant herein, plaintiff has the burden of presenting an adequate record on appeal. [*Calhoun* v. *Hildebrandt* (1964) 230 Cal.App.2d 70, 72; 40 Cal.Rptr. 690]

"Plaintiff's opening brief is so defective that it is extremely difficult to draft a proper reply. This circumstance is not unlike that presented to the Court of Appeal in *Utz* v. *Aureguy* (1952) 109 Cal.App.2d 803, 806; 241 P.2d 639:

"'It is incumbent upon the appellant to make it affirmatively appear that error was committed by the court below.' [Citation.]"

be sufficient to sustain a judgment in his favor and his opponent does not by affidavit show such facts as may be deemed by the judge hearing the motion sufficient to present a triable issue. The aim of the procedure is to discover, through the media of affidavits, whether the parties possess evidence requiring the weighing procedures of a trial." (*Id.,* at p. 417.) █ The court goes on to say, "[i]n examining the sufficiency of affidavits filed in connection with the motion, the affidavits of the moving party are strictly construed and those of his opponent liberally construed, and doubts as to the propriety of granting the motion should be resolved in favor of the party opposing the motion." (*Ibid.*)

█ Following the guidelines and proscriptions of *Stationers,* our task at this point is to look solely to the adequacy of the showing made by defendant county in support of its motion. "Adequacy of the showing" necessarily requires reference to the issues framed by the pleadings. Defining the issues here is somewhat more complex than the garden variety measuring of the allegations of the complaint against the denials and affirmative defenses in the answer.

█ Dealing only with the respondeat superior aspect of the fourth amended complaint as it relates to the doctors who participated in the surgery, plaintiff alleged in paragraph VII that all three of the doctors, i.e., Braslow, Nelson and Neilson, were agents and employees of defendant county. Later in paragraph XIV plaintiff alleged that all the defendants were negligent. Still later plaintiff alleged that this negligence was the proximate cause of her personal injuries and hence her damages. These allegations were of course denied.

Defendant county, in making an "adequate showing" in support of its motion, at least with regard to this issue of fact, would seem to be required to address and negate the allegation of agency and employment of the three doctors. However, defendant county here demonstrated only that Dr. Braslow was not an agent or employee of defendant county. This tactic proceeded upon the unspoken assumption, seemingly concurred in by the court (because only Dr. Braslow was named in the *proposed claim*), that in pursuing her respondeat superior theory, plaintiff was limited to reliance on the actual, in fact, agency and employment of Dr. Braslow.

This proposition reflects that line of decisions, among them the recent case, *State of California* ex rel *Dept. of Transportation* v. *Superior Court* (1984) 159 Cal.App.3d 331 [205 Cal.Rptr. 518], which recites the rule that "Courts have consistently interpreted the Tort Claims Act to bar actions

alleging matters not included in the claim filed with the public entity." (*Id.*, at p. 336.) In other words, the factual content of the plaintiff's claim was viewed by the trial court as operating to proscribe the limits of any later action for which filing the claim is a precondition.

As the foregoing rule was applied here, the trial court ruled, because the *proposed claim* only referred to Dr. Braslow as the responsible "public employee," that the defendant county, in order to prevail, needed only to show that Dr. Braslow was not an employee of defendant county. More particularly, the trial court took the position that it availed plaintiff nothing to allege in her complaint that Dr. Nelson and Dr. Neilson were public employees, because she had not asserted these facts in her *proposed claim.*

However, we have a somewhat different scenario here. No claim was ever filed because defendant county denied plaintiff's application for leave to file a late claim. This denial led to plaintiff's petition to the trial court under the provisions of section 946.6 of the Government Code *to relieve* plaintiff "from the provisions of Section 945.4." That section has already been noted as providing in part that "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity . . . ."

As earlier recounted, *plaintiff's petition was granted.* This raises the novel question of what the legal consequences were of granting the section 946.6 petition. A ready interpretation of the plain language of that section is that granting the petition *relieved* plaintiff-petitioner from the provisions of section 945.4. That section begins with the language "Except as provided in Sections 946.4 and 946.6, no suit for money or damages may be brought . . . ." In the first instance, it could therefore be argued, once a section 946.6 petition be granted, that a suitor against a public entity need no longer be concerned with the entire claims apparatus of the Tort Claims Act. Else, what does *relieved* "from the provisions of Section 945.4" mean?

Applied here, it could be further argued, once plaintiff's section 946.6 petition were granted, that she was in a position to pursue her malpractice action against defendant county based on the fact of public employment of all three doctors, not just Dr. Braslow, *all as alleged in her complaint.*

While this presents an intriguingly simple and neat disposition of the question, to settle upon such an interpretation would lead to the anomalous result of placing the section 946.6 petitioner in a better position than one who had filed a timely claim and who thereafter would be limited by the factual content of the timely claim in any effort to pursue his claim in the

courts. We are satisfied that the Legislature did not intend such a result when it amended section 946.6 in 1970.

As originally enacted in 1965, section 946.6 provided relief in the form of permitting the petitioner *to present his late claim to the public entity.* Under that procedure, finally, the late claimant and the timely claimant would have been in the same posture with reference to being limited to the factual content of their claims in pursuing, respectively, their later tort actions in the courts. However, the 1970 amendment, seeking to solve other procedural problems, dealt broadly with the matter by providing for ". . . a petition for relief from having to present any claim at all instead of one for leave to present a late claim." (Law Revision Com. Comment, 32 West's Ann. Cal. Codes, p. 609.)

Accordingly, there being no authority on the question, logic would compel us to hold here that the content of the *proposed claim* must also operate to limit plaintiff's cause of action for malpractice against defendant county on a respondeat superior theory, and particularly that plaintiff, in pursuing her respondeat superior theory here, would be limited to reliance on the fact that Dr. Braslow was an agent and employee of defendant county at the time he performed the surgery upon plaintiff. As already discussed, defendant county made an undisputed factual showing that Dr. Braslow was never a public employee of defendant county, and so, within the ambit of the respondeat superior issue as framed by the pleadings and as limited by the content of the *proposed claim,* defendant county made an adequate showing which went undisputed. Thus, without more, the motion on that score would appear to have been properly granted.

However, in our view, *there is more,* and that "more" is sufficient to create an exception to the limitation recited in *State of California* ex rel. *Dept. of Transportation* v. *Superior Court, supra,* 159 Cal.App.3d 331, 336. Such exception can readily be extrapolated from certain sections of the Government Code read in combination. Plaintiff correctly points out that section 910, subdivision (e) requires only that her claim or *proposed claim* state "the name or names of the public employee or employees causing the injury, damage, or loss, *if known* . . . ." (Italics added.) Otherwise, section 910.6, subdivision (a) provides that a claim may be amended ". . . at any time before the expiration of the period designated in Section 911.2 . . ." i.e., ". . . not later than the 100th day after the accrual of the cause of action." Conversely, it follows that a claimant, plaintiff here, *cannot amend her claim* after the statutory period of limitation for filing. As a consequence, while plaintiff, because of extenuating circumstances may be able to surmount the requirements of sections 911.2 and 945.4, as she was able to do here, represented by her successfully petitioning under section 946.6,

she could yet find herself, without more, in the anomalous position of being shackled by the contents of her claim. We say "shackled" because, while section 910, subdivision (e) requires only that she assert what person or persons *were known* at the time as being the public employee or employees who caused her injuries, yet section 910.6 prevents her from later (after the 100 days) adding the names of those whom she discovered to be public employees of defendant county, i.e., Dr. Nelson and Dr. Neilson. In other words, she could ask, "What good has it done me to be relieved of the requirements of section 945.4 if I remain limited by the contents of a claim which I cannot now amend?" The answer to such question is that the same extenuating circumstances which were deemed sufficient to support the granting of a petition pursuant to section 946.6 should similarly, in any later pursuit of the claim in a court action, permit plaintiff to rely on facts unknown at the time the proposed claim was prepared.

In procedural situations of the kind we confront here, the obvious way to apply the exception to relieve plaintiff of the limit otherwise imposed by the content of her claim would be to allow her, after obtaining section 946.6 relief, to plead in her complaint the extenuating circumstances which precluded her from gaining timely knowledge of the identity of the public employee or employees who had caused her injury and damages. Actually, there is a persuasive analogy for precisely this manner of treatment found in the companion sections of the Government Code pertaining to Action Against Public Employees collected in Chapter 3 of Part 4 of Division 3.6 of Title 1 of the Government Code, being sections 950 through 951. More particularly, section 950.4 provides, "[a] cause of action against a public employee . . . is not barred by Section 950.2 if the plaintiff pleads and proves that he did not know or have reason to know, within the period for the presentation of a claim to the employing public entity as a condition to maintaining an action for such injury against the employing public entity, as that period is prescribed by Section 911.2 . . ., that the injury was caused by an act or omission of the public entity or by an act or omission of an employee of the public entity in the scope of his employment as a public employee." Section 950.2 provides, "[e]xcept as provided in Section 950.4, a cause of action against a public employee . . . for injury resulting from an act or omission in the scope of his employment as a public employee is barred if an action against the employing public entity for such injury is barred under Part 3 (commencing with Section 900) of this division or under Chapter 2 (commencing with Section 945) of Part 4 of this division . . . ."

■ In sum, a tort claim can only be pursued against a public employee where a companion respondeat superior action is not barred against the employing public entity by reason of noncompliance with the claim filing procedures, except, per section 950.4, the action *can proceed* if the claimant can plead and prove that within 100 days of the accrual of the cause of

action he did not know or have reason to know that a public employee was the cause of his injury and damages.

Based upon the foregoing, we hold that plaintiff will not be limited to the fact of public employment of Dr. Braslow in pursuing her respondeat superior theory of liability against defendant county, provided she can plead and prove that within 100 days of the accrual of her cause of action she did not know or have reason to know the identities of the public employees who caused her injury and damages. Necessarily, of course, she must also plead the names of all the public employees whose acts or omissions caused her injuries and damages.

The latitude here accorded the plaintiff, in affording her an opportunity to escape the limitations represented by the content of her *proposed claim,* which would otherwise be imposed in her later court action, is nothing more or less than an extension of the rule applied in *Bohrer* v. *County of San Diego* (1980) 104 Cal.App.3d 155 [163 Cal.Rptr. 419]. That case was disposed of in the trial court by sustaining defendant county's demurrer without leave to amend because the complaint failed to allege the presentation and denial of a claim, a claim which was a precondition of an action for damages against defendant county. In *Bohrer,* the claim had been timely presented and denied, but there were no allegations in the complaint reciting that such events had occurred. The *Bohrer* court noted that "[f]ailure to satisfy this burden is ordinarily fatal to plaintiff's cause of action [citing *Martinez* v. *County of Los Angeles* (1978) 78 Cal.App.3d 242 [144 Cal.Rptr. 123]]." (*Id.,* at p. 160.) The court then went on to observe, "[h]ere plaintiffs concede their failure to allege presentation of the claim. The county concedes the claim was presented and if the failure to plead compliance was the only defect in the complaint, the granting of the demurrer without leave to amend would be improper." (*Ibid.*) The court went on to hold, accordingly, that plaintiffs should be allowed to cure their failure to plead the compliance with the claims statute, and reversed the judgment as to the plaintiffs claiming against the county on a wrongful death theory. (*Bohrer* v. *County of San Diego, supra,* 104 Cal.App.3d 155, 160.)

The rule we have evolved here otherwise represents a proposition similar to that applied by the court in *Olden* v. *Hatchell* (1984) 154 Cal.App.3d 1032 [201 Cal.Rptr. 715], in affording relation-back type relief. In *Olden* the claim presented stated that the names of the public employees responsible for his injuries were unknown to claimant at the time the claim was presented. After denial of the claim, the action was filed within the six-month limitation period, and the substitution of the named defendants was held to relate back to the timely filing of the complaint. (*Id.,* at p. 1037.)

In the case here, although the matter before the trial court was a motion for summary judgment, the ruling turned essentially on a pleading question, i.e., the failure of plaintiff's fourth amended complaint to plead her way out of the restriction represented by her reference only to Dr. Braslow in her *proposed claim.* In this sense, the court's ruling amounted to a judgment on the pleadings which should have afforded plaintiff a chance to amend.

Thus, the disposition of the appeal which all of this points to will allow the plaintiff to file a fifth amended complaint in which she will allege all the facts relied upon in the section 946.6 proceedings and then allege further the circumstances which prevented her, within 100 days of the accrual of her cause of action, from including the names of Dr. Nelson and Dr. Neilsen or anyone else, in the text of the *proposed claim,* as the employees who had caused her injury and damages.

## DISPOSITION

The judgment is reversed as well as the order filed December 13, 1984, on which it is based. The trial court is directed to enter a new and different order which provides that "The motion for summary judgment is granted except that its legal effect shall be abated for 30 days. If within that time plaintiff files a fifth amended complaint responsive to the exculpatory provisions of section 950.4 of the Government Code, then the abatement shall become permanent and the order vacated. The action shall then proceed with reference to the new complaint. If the new pleading is not filed within the time noted, then the order granting the motion for summary judgment shall no longer be abated and shall be of full force and effect, and a judgment of dismissal shall be entered thereon forthwith."

The parties shall bear their own costs on appeal.

Kaufman, Acting P. J., and Taylor, J.,* concurred.

*Assigned by the Chairperson of the Judicial Council.