Filed 10/4/13  Wattar v. Palmdale School Dist. CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| NIZAM I. WATTAR,<br><br>  Plaintiff and Appellant,<br><br>  v.<br><br>PALMDALE SCHOOL DISTRICT,<br><br>  Defendant and Respondent. | B242050<br><br>(Los Angeles County<br>Super. Ct. No. MC022442) |

        APPEAL from a judgment of the Superior Court of Los Angeles County.
Brian C. Yep, Judge.  Affirmed.


        Nizam I. Wattar, in pro. per., for Plaintiff and Appellant.


        Carpenter, Rothans & Dumont, Justin Reade Sarno, Louis R. Dumont for
Defendant and Respondent.


                    _____

The trial court dismissed the lawsuit of Nizam Wattar after finding that she failed to make a timely claim against the Palmdale School District under the Government Claims Act (Gov. Code, § 810 et seq.).[1] We affirm.

## FACTS AND PROCEDURAL HISTORY

### *The Complaint: Judgment on the Pleadings*

Plaintiff Wattar worked at defendant Palmdale School District (PSD), starting in 2000. She is a naturalized American citizen of Lebanese extraction. Wattar received worker's compensation benefits in 2003 and again in May 2005. She was cleared to return to work on November 10, 2006. PSD denied Wattar a job and took the position that she had resigned. She filed suit against PSD on March 23, 2011, alleging discrimination based on her national origin. PSD answered the complaint, alleging (among other things) that Wattar's suit is time-barred and that she failed to comply with Government Claims Act (GCA) provisions.

PSD brought a motion for judgment on the pleadings asserting that Wattar failed to exhaust her administrative remedies by filing a timely claim under the Fair Employment and Housing Act (FEHA). PSD reasoned that without a right-to-sue letter, the court lacked jurisdiction to proceed. Wattar responded that she is proceeding under the state Constitution, not under FEHA.[2] PSD countered that if Wattar is not proceeding under FEHA, she was required to make a timely claim under the GCA. On August 4, 2011, the trial court granted PSD's motion, but gave Wattar leave to amend her pleading.

---

[1] Unlabeled statutory references in this opinion are to the Government Code. The Government Claims Act was formerly known as the Government Tort Claims Act. (§ 810, subd. (b).)

[2] The parties stipulated on June 21, 2011, that Wattar sought to recover damages "under Article 1, Section 8 of the California Constitution, and is not pursuing a federal claim under the 14th Amendment to the United States Constitution." The trial court entered an order based on this stipulation.

2

*The First Amended Complaint:  Demurrers Sustained with Leave to Amend*

In her first amended complaint, Wattar alleged that PSD has continually denied her re-employment based on her national origin in violation of the state Constitution and the Civil Rights Act of 1964 (42 U.S.C § 2000 et seq.).  She claimed that PSD caused her to believe that it was considering a change in its position, in the years that elapsed between its initial denial of a job in 2006 and the filing of her complaint in 2011.  There is no allegation that plaintiff made a prelitigation claim under the GCA, FEHA, or their federal equivalents, before filing suit.

PSD demurred, renewing its contention that the court lacks jurisdiction to proceed because Wattar failed to comply with government claims requirements before filing suit. PSD noted that plaintiff previously stipulated that she was not making a claim for violation of her federal constitutional rights.  In opposition, Wattar argued that she is not proceeding under FEHA or any California statute.  "Rather," she contended, "it is a Title 42 USC 1983 action."[3]  PSD replied that (1) plaintiff stipulated to dismiss her federal claims; (2) plaintiff's claim is four years old and is stale; and (3) it is immune from suit. The court sustained the demurrers with leave to amend.

*The Second Amended Complaint:  Demurrers Sustained Without Leave to Amend*

Wattar filed a second amended complaint (SAC).  She alleges that she sought re-employment at PSD from November 2006 until she received a letter from PSD's personnel commissioner in December 2010, informing her that legal action was her only recourse.  Plaintiff asserts five claims:  (1) a Labor Code violation; (2) violation of 42 United States Code section 1983; (3) interference with contract; (4) breach of the covenant of good faith and fair dealing; and (5) seeking reinstatement to her job at PSD.

PSD demurred to the SAC.  It again argued that plaintiff failed to make a timely claim under the GCA, now that plaintiff had resumed making claims under state law.

---

[3]   The pleading cites 42 United States Code section 2000, not 42 United States Code section 1983.  The trial court observed that the former requires plaintiff to exhaust her administrative remedies and obtain a right-to-sue letter, while the latter does not.

And even if no GCA claim was required, plaintiff is barred by the statute of limitations because her lawsuit was filed over four years after PSD refused to rehire her. PSD reiterated that it is immune from plaintiff's federal cause of action.

The court sustained the demurrers without leave to amend. A dismissal was entered on April 5, 2012. Notice of entry of judgment was served on April 26, 2012. This appeal was filed on June 11, 2012.

## DISCUSSION

### 1. Appeal and Review

Appeal lies from a judgment of dismissal after demurrers are sustained without leave to amend. (Code Civ. Proc., §§ 581d, 904.1, subd. (a)(1); *Serra Canyon Co. v. California Coastal Com.* (2004) 120 Cal.App.4th 663, 667.) We review de novo the ruling on the demurrer, exercising our independent judgment to determine whether a cause of action has been stated as a matter of law. (*Desai v. Farmers Ins. Exchange* (1996) 47 Cal.App.4th 1110, 1115.) In an action against a public entity, the plaintiff must adequately plead compliance with the claim presentation requirement of the GCA to survive demurrer. (*State of California v. Superior Court* (2004) 32 Cal.4th 1234, 1239-1243; *Tietz v. Los Angeles Unified Sch. Dist.* (1965) 238 Cal.App.2d 905, 912 [second amended complaint was properly dismissed when the plaintiffs failed to allege the required presentation of a government claim in any version of their pleading]; *B & P Development Corp. v. City of Saratoga* (1986) 185 Cal.App.3d 949, 964; *Bohrer v. County of San Diego* (1980) 104 Cal.App.3d 155, 160.)

### 2. Wattar Did Not Comply with the GCA

*a.* Overview of the Claims Requirement of the GCA

"In actions for damages against local public entities, the claims statutes require timely filing of a proper claim as a condition precedent to the maintenance of the action." (*City of San Jose v. Superior Court* (1974) 12 Cal.3d 447, 454.) A claim for injury must be presented to the entity's governing board "not later than six months after the accrual of the cause of action." (§§ 911.2, subd. (a), 945.4.) The claim must be signed by the injured person or by someone acting on his or her behalf; indicate the date, place and

4

circumstances of the event giving rise to the claim; describe the injury or loss incurred; and list the names of the employees causing the injury. (§§ 910, 910.2.) If the claim is not made within six months, the injured person may seek leave to present the claim "within a reasonable time not to exceed one year after the accrual of the cause of action and shall state the reason for the delay in presenting the claim." (§ 911.4, subd. (b).)

"Compliance with the claims statutes is mandatory [citation]; and failure to file a claim is fatal to the cause of action." (*City of San Jose v. Superior Court*, *supra*, 12 Cal.3d at p. 454; § 945.4.) The purpose of the GCA "is to provide the public entity sufficient information to enable it to adequately investigate claims and settle them, if appropriate, without the expense of litigation. [Citations.] It is well-settled that claims statutes must be satisfied even in face of the public entity's actual knowledge of the circumstances surrounding the claim. Such knowledge—standing alone—constitutes neither substantial compliance nor basis for estoppel." (*City of San Jose*, at p. 455.)

b. *Wattar Did Not Substantially Comply with the GCA*

All but one of the claims asserted in the SAC allege violations of state law. As a result, Wattar is required to show compliance with the GCA. The SAC alleges that plaintiff and PSD's personnel had "a continual interchange of information, positions and demands" from July 2006 until December 2010. Plaintiff received a letter from PSD's personnel director on December 13, 2010, allegedly stating that "legal action was the remaining course to take." Plaintiff interprets this letter (which is not in the record) as a "right-to-sue letter."

In none of her three pleadings did Wattar establish her compliance with the GCA. There is no allegation of any writing submitted by her or her attorney meeting GCA requirements. An unspecified "interchange of information, positions and demands," without more, is not sufficient to survive demurrer. We cannot tell whether Wattar described her claims of employment discrimination, bad faith or interference with contract at all, let alone with enough detail to enable PSD to investigate the claims. (See *City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 738-739 [contract claims are subject to the GCA and require a prelitigation claim].) Nor do we know if Wattar

5

submitted a claim to PSD's governing board, as opposed to school administrators.  In short, the SAC contains no acceptable showing of substantial compliance with the GCA.

### c. *Judicial Relief from Nonpresentation of Claim*

Wattar complains that the trial court should have afforded her relief under section 946.6, which enables a claimant to petition the superior court for relief *after* the agency denies a late claim filed within one year after a cause of action accrues.  (*Munoz v. State of California* (1995) 33 Cal.App.4th 1767, 1777-1779 [one-year limitation on late claims is jurisdictional].)  The petition must show why the claim was late due to mistake, inadvertence, surprise or excusable neglect.  Section 946.6 is inapplicable.  Wattar never filed a late-claim application with PSD; hence, she could not petition the court for relief from an agency's denial of such a claim.

### d. *Filing a Late Claim*

Wattar argues that she should have an opportunity to apply for a late claim.  An application to file a late claim must be presented to the public entity "within a reasonable time not to exceed one year after the accrual of the cause of action and shall state the reason for the delay in presenting the claim."  (§ 911.4, subd. (b).)  The entity must grant or deny the application within 45 days after it is presented.  (§ 911.6, subd. (a).)  Wattar's desire to file a late claim does not concern the courts, as the application is made to the public entity, not to us.  It is difficult to see the purpose of such an application, inasmuch as the jurisdictional time limit for making it elapsed long ago.  (See *Munoz v. State of California*, *supra*, 33 Cal.App.4th at p. 1779.)

### e. *Equitable Estoppel*

Wattar maintains that PSD should be estopped from asserting her failure to satisfy the GCA claim requirements because she did not realize until October 2010 that PSD had actually terminated her employment.  An agency may be estopped from asserting that GCA requirements were not met if it "acted in an unconscionable manner" and gave false advice concerning a claimant's substantive rights against the agency.  (*Fredrichsen v. City of Lakewood* (1971) 6 Cal.3d 353, 358.)  This determination hinges upon whether

6

the government action was sufficiently culpable, i.e., whether misinformation was negligently given, or given in bad faith. (*Ibid.*)

Wattar states that she learned from her union representative that she was terminated from PSD under a procedure that occurred years earlier, in 2006. This does not establish culpable conduct by PSD: Wattar does not state that PSD deliberately or negligently informed her that she was still employed by the agency between 2006 and 2010, thereby causing her to sleep on her rights. The original complaint alleges that plaintiff was informed that PSD took the position she had resigned and continually denied her "reemployment." If plaintiff was repeatedly denied "reemployment," this means she knew she was no longer employed, and had to act promptly to assert her rights, not wait four years. Plaintiff's estoppel argument fails.

### f. *Leave to Amend*

Plaintiff requests leave to file a third amended complaint showing that she complied with the GCA. She has had three opportunities to establish compliance with the GCA, and failed to do so. Her brief continues to offer nothing but generalities, without any concrete proof of a timely and legally sufficient GCA claim. If she made such a claim and if she received a denial from PSD's governing board, those documents should have been submitted to this Court in a request for judicial notice, or set forth verbatim in her brief. They are not. Wattar asks us to "make a determination that she has complied with all requirements under [the GCA]." This determination cannot be made without the actual claim to examine. PSD's awareness that plaintiff wanted her job back does not constitute substantial compliance with the GCA nor provide a basis for estoppel. (*City of San Jose v. Superior Court*, *supra*, 12 Cal.3d at p. 455.)

### 3. **Wattar's Claims Are Barred in Any Event**

Even if Wattar had filed a claim that satisfies the timeliness and adequacy requirements of the GCA four years after she was repeatedly denied re-employment, all of her claims are barred by statute. There is a gap of four years and four months between the time when Wattar was denied re-employment (November 2006) and the time she sued

7

(March 2011).  None of the applicable statutes of limitation are for more than four years.  Hence, her claims are time-barred.[4]

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


BOREN, P.J.

We concur:


CHAVEZ, J.


FERNS, J.*

---

[4]     Wattar offers no argument regarding her federal claim, forfeiting it.  In any event, PSD is immune from suit on claims arising under 42 United States Code section 1983.  (*Kirchmann v. Lake Elsinore Unified School Dist.* (2000) 83 Cal.App.4th 1098, 1100; *McAllister v Los Angeles Unified School Dist.* (2013) 216 Cal.App.4th 1198, 1207.)

*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.