[No. A024759. First Dist., Div. Two. July 26, 1984.]

THE STATE OF CALIFORNIA ex rel.
DEPARTMENT OF TRANSPORTATION, Petitioner, v.
THE SUPERIOR COURT OF MARIN COUNTY, Respondent;
J. ROBERT HALL et al., Real Parties in Interest.

**COUNSEL**

Robert F. Carlson, Robert J. Defea, John F. Donovan and Richard G. Rypinski for Petitioners.

No appearance for Respondent.

Edward Vincent King, Jr., Sharon Green and Stocker & Green for Real Parties in Interest.

**OPINION**

**ROUSE, J.**—By this petition for writ of mandate and prohibition, the State of California (the State) seeks to compel respondent superior court to set aside its denial of petitioner's demurrer, motion for partial summary judgment, motion to strike, and its order granting sanctions against petitioner.

On January 5, 1982, an artificially constructed landfill embankment supporting Highway 101 above Sausalito gave way and earth and debris slid down in the area known as Hurricane Gulch. The real parties in interest are five property owners whose homes were not hit by the mudslide, but who claim damages by reason of its proximity to their property. Timely claims pursuant to the California Tort Claims Act (Gov. Code, § 900 et seq.)[1] alleging only damages for injury to property were presented to the State and denied.

On October 6, 1982, real parties filed a complaint in superior court alleging negligence, alteration of a natural watercourse, inverse condemnation, negligent infliction of emotional distress and nuisance.

The State filed a general demurrer, and real parties filed a first amended complaint. This amended complaint did not contain a separate cause of action for infliction of emotional distress, but claimed mental anguish and physical and mental injuries as an element of damages for three of the plaintiffs. The State demurred to this claim for damages for mental distress, upon the grounds that (1) any claim for personal injuries was barred by the 100-day statute of limitations set forth in section 911.2, and (2) the complaint was uncertain. The State also filed a motion to strike that part of the complaint alleging damages for physical and mental injuries. The respondent court overruled the State's demurrer with regard to personal injury claims, denied the motion to strike, and sustained the special demurrer for uncertainty. On May 10, 1983, real parties filed another amended complaint in response to the sustaining of the special demurrer for uncertainty. On May 31, 1983, the State filed an answer to this latest amended complaint, pleading as an affirmative defense real parties' failure to file a claim for personal injuries.

On June 22, 1983, the State filed a motion for partial summary judgment, again on the grounds that the claim for personal injuries was barred for failure to comply with section 911.2.

On August 30, 1983, respondent court denied the State's motion for partial summary judgment and imposed sanctions for failure to file a motion for reconsideration pursuant to section 1008 of the Code of Civil Procedure.

The presentation of a claim to a public entity is a prerequisite to maintaining a suit against that entity. (§ 945.4.) A claim relating to personal injury must be presented to that entity not later than the 100th day after the

---

[1]All statutory references are to the Government Code, unless otherwise specified.

accrual of the cause of action. (§ 911.2.) When a timely claim is not presented, the claimant must apply to the entity for leave to file a late claim. (§ 911.4.) �damp The prescribed statutes of limitation for commencement of actions must be strictly complied with. (*Smith* v. *City and County of San Francisco* (1977) 68 Cal.App.3d 227, 230 [137 Cal.Rptr. 146].)

In this case, it is undisputed that real parties neither filed a claim with the State for personal injuries, nor filed an application for leave to file a late claim. Real parties contend that section 911.2 is inapplicable because they do not allege a cause of action for personal injuries and only seek damages which flow naturally from the mudslide injuries to the real properties. In the alternative, real parties maintain that they have substantially complied with the claims statute.

▂ As pointed out in *City of San Jose* v. *Superior Court* (1974) 12 Cal.3d 447, 455 [115 Cal.Rptr. 797, 525 P.2d 701, 76 A.L.R.3d 1223], "It is not the purpose of the claims statutes to prevent surprise. Rather, the purpose of these statutes is to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation. [Citations.] It is well-settled that claims statutes must be satisfied even in face of the public entity's actual knowledge of the circumstances surrounding the claim. Such knowledge—standing alone—constitutes neither substantial compliance nor basis for estoppel. [Citations.]"

Where a party attempts to comply with the claim statutes but the compliance is defective, the test of substantial compliance controls. "Under this test, the court must ask whether sufficient information is disclosed on the face of the filed claim 'to reasonably enable the public entity to make an adequate investigation of the merits of the claim and to settle it without the expense of a lawsuit.' [Citation.] [¶] The doctrine of substantial compliance, however, cannot cure total omission of an essential element from the claim or remedy a plaintiff's failure to comply meaningfully with the statute. [Citations.]" (*Loehr* v. *Ventura County Community College Dist.* (1983) 147 Cal.App.3d 1071, 1083 [195 Cal.Rptr. 576].)

The injuries asserted by real parties in their claims filed with the State were "the diminution of the value of [their] real property, the decreased marketability of [their] property due to the damage to the reputation for safety in the area in which [their] property is located, reduced access to [their] property resulting from the January 4, 1982, slide, and the loss of use of [their] property during the excavation after the January 4, 1982,

slide." Damages asserted in the claims were for the "diminished value of the property . . . ."

In their complaints filed in superior court, real parties claim damages for "[m]ental anguish, and physical and mental injuries," as well as damages for interference with the use and enjoyment of their properties.

Courts have consistently interpreted the Tort Claims Act to bar actions alleging matters not included in the claim filed with the public entity. In *Nelson* v. *State of California* (1982) 139 Cal.App.3d 72 [188 Cal.Rptr. 479], plaintiff filed a claim with the State and later a complaint alleging medical malpractice while he was incarcerated. The State's motion for judgment on the pleadings was granted with leave to amend. Plaintiff, in an amended complaint, alleged a failure to summon immediate, competent medical care. The State's demurrer on grounds that no claim had ever been presented on such a theory was sustained by the trial court and judgment was entered for the State. The Court of Appeal affirmed, finding that the amended complaint alleged a factual basis for recovery which was not fairly reflected in the written claim, and, as such, was vulnerable to demurrer.

Likewise, in *Lopez* v. *Southern Cal. Permanente Medical Group* (1981) 115 Cal.App.3d 673 [171 Cal.Rptr. 527], appellants filed a claim wherein they alleged the State had negligently issued a driver's license to the epileptic driver who struck their car. The claim was denied and they filed a complaint, alleging that the State had negligently issued the driver's license despite its knowledge of the driver's epilepsy. Two and one-half years later, when it was discovered that the State had not been aware of the epilepsy, appellants attempted to amend their complaint to allege that the State had known that the driver had failed to comply with accident reporting and financial responsibility provisions of the Vehicle Code, but had nevertheless failed to revoke or suspend his license. The court found that the attempted amendment was improper because the cause of action in the amended complaint was not mentioned in the claim. Similarly, in *Shelton* v. *Superior Court* (1976) 56 Cal.App.3d 66 [128 Cal.Rptr. 454], a husband and wife sought to amend their joint personal injury complaint for damages for personal injuries suffered in a car accident to allege damages for loss of consortium. Their claims filed with the State were silent as to any injury or damages suffered by reason of injury to the other. They argued that the claims filed, which listed physical injury and emotional distress, generally put the public entity on notice and satisfied the claims statute. The court, however, noted that causes of action for injuries to person and property are separate and that damage for loss of consortium is not an injury to the person. (*Shelton* v. *Superior Court, supra,* 56 Cal.App.3d 66, 81.) The

court found the claim of each spouse to be defective in failing to allege any injury to the claimant by reason of the injuries to the other spouse and noted that the claim for damages for loss of consortium could not "piggy-back" on the old claim. (*Id.*, at p. 82.)

Real parties rely on *Alderson* v. *County of Santa Clara* (1954) 124 Cal.App.2d 334 [268 P.2d 792, 52 A.L.R.2d 1393]. In *Alderson,* the plaintiff filed a claim on behalf of her minor sons for personal injuries suffered in a car accident caused by the defendant's negligent maintenance of a roadway. Plaintiff neglected to file a claim with respect to costs she incurred in obtaining medical treatment for her sons. The court found substantial compliance with the claims statute because of the close relationship of the parties and the subject matter of their causes of action. Real parties also rely on *Kornoff* v. *Kingsburg Cotton Oil Co.* (1955) 45 Cal.2d 265 [288 P.2d 507]. In *Kornoff,* plaintiffs sued defendant, the owner and operator of a cotton gin, for damages to their real property and persons from fumes, dust and lint from the gin. At the first trial, the jury found plaintiffs had suffered injury to their real property, but not to their persons. Upon retrial, judgment was again for the plaintiffs. The California Supreme Court upheld an award of damages for discomfort and annoyance even though the only injury was to real property. The court, however, reached this conclusion only after noting that plaintiffs' amended complaint provided defendant with sufficient notice of such claims by alleging that plaintiffs' comfort and enjoyment of their home had been diminished and that they had suffered severe nervous distress and mental anguish. (*Id.*, at pp. 271-272.)

■ In this case, however, the amended complaint alleges a factual basis for recovery which was not fairly reflected in the claim filed with the State. The claim does not give any indication that the mudslide caused personal or mental injuries or resulted in damages for such injuries. Further support against real parties' contention that damages for physical and mental injuries flow naturally from injuries to real property can be found in the recent decision of *Cooper* v. *Superior Court* (1984) 153 Cal.App.3d 1008 [200 Cal.Rptr. 746]. In *Cooper,* plaintiff's residence was struck by defendant's tractor, which had been negligently parked. In addition to recovery of damages to her property, Cooper sought damages for emotional distress arising out of the incident. Defendant successfully moved for summary adjudication of the emotional distress claim, contending that Cooper could not state a cause of action for emotional distress arising from damage to her property. The Court of Appeal upheld the lower court's ruling on summary adjudication and held that "recovery [for emotional distress arising out of loss of property] is limited to cases where, at a minimum, a duty of care exists by

virtue of a preexisting relationship between the parties or where the damage arises out of an intentional tort." (*Id.,* at p. 1013.)

Real parties' claim failed to recite the requisite facts to support the allegations of the first amended complaint with respect to damages for mental anguish and physical and mental injuries. The State's demurrer should have been sustained and its motion for partial summary judgment and motion to strike should have been granted.

Real parties also contend that their sixth cause of action for nuisance, as defined by section 3479 of the Civil Code, is not subject to the Tort Claims Act, and thus there was no need to file a claim. Their reliance on *Nestle* v. *City of Santa Monica* (1972) 6 Cal.3d 920 [101 Cal.Rptr. 568, 496 P.2d 480], for this proposition is misplaced. In *Nestle,* the California Supreme Court merely held that the general rule of government immunity provided in section 815 does not preclude a nuisance action against a government entity based on section 3479 of the Civil Code. (*Id.,* at p. 937.) The court did not hold that a cause of action for nuisance is not subject to the notice requirements of the claims statutes.

Two years later, the Supreme Court, in *City of San Jose* v. *Superior Court, supra,* 12 Cal.3d 447, 454, held that the claims statutes apply to actions brought both for nuisance and for inverse condemnation. Significantly, the court found the legal foundation of the claim immaterial with respect to the necessity of complying with the claims statute. "The fact that inverse condemnation is founded directly on the California Constitution (art. I, § 14) neither excuses plaintiffs from compliance with the claims statutes [citations], nor renders the claims statutes unconstitutional. [Citations.]" (*Id.,* at pp. 454-455.) ■ Accordingly, the fact that real parties' cause of action for nuisance may be founded on section 3479 of the Civil Code does not excuse compliance with the claims statutes.

Further support for this position is that, subsequent to the decision in *City of San Jose* v. *Superior Court, supra,* 12 Cal.3d 447, the Legislature enacted section 905.1, which eliminated the claim filing requirement as a precondition to the maintenance of an inverse condemnation action against a public entity. No such statute was enacted for nuisance actions. ■ Since it is assumed that the Legislature has in mind existing laws when it passes a statute, its failure to change the law in a particular respect when the subject is generally before it and changes are made is indicative of an intent to leave the law as it stands in the aspects not amended. (*Bailey* v. *Superior Court* (1977) 19 Cal.3d 970, 977, fn. 10 [140 Cal.Rptr. 669, 568 P.2d

394]; *Estate of McDill* (1975) 14 Cal.3d 831, 837-838 [122 Cal.Rptr. 754, 537 P.2d 874].)

After denying the State's motion for partial summary judgment, respondent court imposed sanctions of $500 on the State pursuant to section 1008, subdivision (c), of the Code of Civil Procedure. Section 1008 sets up a comprehensive system for obtaining a reconsideration of a motion based upon a "different state of facts." Section 1008, subdivision (a), provides that a party "may, within ten (10) days after knowledge of the order and based upon an alleged different state of facts," make application for reconsideration. Section 1008, subdivision (b), requires that the affidavit in support of the application show "what new facts are claimed to be shown."

■ Respondent court imposed the section 1008 sanctions because it in effect treated the State's motion for partial summary judgment as a motion for reconsideration of its demurrer and improper in that no new state of facts had been shown as required by subdivisions (a) and (b) of section 1008. The State is correct in its contention that it could not properly have made a section 1008 application for reconsideration because it had no "different state of facts" to allege. The only vehicle of relief open to the State after its unsuccessful demurrer was to raise real parties' failure to comply with the claims statute as an affirmative defense in its answer and later to assert such defense by motion for partial summary judgment. Therefore, the court's imposition of sanctions against the State for its failure to comply with the provisions of a statute (Code Civ. Proc., § 1008) inapplicable on its face was improper. (See *O'Brien* v. *Cseh* (1983) 148 Cal.App.3d 957, 961 [196 Cal.Rptr. 409]; *Graham* v. *Hansen* (1982) 128 Cal.App.3d 965, 970 [180 Cal.Rptr. 604].)

Let a writ of mandate issue directing respondent court to sustain the State's demurrer without leave to amend and to grant the State's motion for partial summary judgment and motion to strike with respect to real parties' claims for personal injury damages. Respondent court is further ordered to vacate and set aside its order imposing sanctions against the State.

Kline, P. J., and Smith, J., concurred.