[No. E000576. Fourth Dist., Div. Two. May 30, 1986.]

YVONNE WHITE, Plaintiff and Appellant, v.
MORENO VALLEY UNIFIED SCHOOL DISTRICT,
Defendant and Respondent.

**COUNSEL**

Matz, Brody & Albert and Steven B. Effres for Plaintiff and Appellant.

Thompson & Colegate and Sharon J. Waters for Defendant and Respondent.

**OPINION**

**KAUFMAN, Acting P. J.**—Plaintiff Yvonne White (plaintiff) appeals from a judgment against defendant Moreno Valley Unified School District (School District or defendant) contending the court prejudicially erred in excluding evidence of the medical expenses incurred by or on behalf of plaintiff for the treatment of personal injuries she suffered in a vehicular accident and that the trial court should have granted her alternative motion for new trial or additur.

*Facts*

School District provided daily transportation to and from its schools, including the high school that plaintiff attended. Plaintiff ordinarily took the school bus both to and from high school.

On October 27, 1978, the high school was let out early without any notification to plaintiff's parents. The students, including plaintiff, were released at 11:30 a.m., and urged to attend a school-sponsored parade scheduled to take place approximately one and a half miles from the high school. No transportation was provided to the parade location and there was no supervision of students walking to the parade site. Buses were not

scheduled to be available to transport the students to their homes until the usual time of 2:15 p.m.

Plaintiff accepted a ride to the parade site from a fellow student and was seriously injured when the vehicle was involved in an accident.

On December 19, 1978, pursuant to Government Code section 910, plaintiff and her parents, Winford Michael and Ramona Bradshaw, filed a claim with the School District.

After setting forth the date and place of the accident and a general description of the claimed negligence of various defendants including School District, the claim went on to state in relevant part: "(d) A general description of the injury, damage or loss incurred so far as it may be known at this time is: Personal injuries to Claimant YVONNE WHITE. Medical expenses incurred by Claimants WINFORD BRADSHAW AND ROMONA [sic] BRADSHAW.

". . . . . . . . . . . . . . . . . . . . . .

"(f) The amount claimed as of this date, including the estimated amount of prospective injury, damage or loss, insofar as it is known at this time is in excess of $500,000.00. The basis of computation of the amount claimed is as follows: Medical specials (present and future), pain and suffering, loss of present and future earnings, and permanent physical injuries, among other things."

On January 9, 1979, School District rejected the claim in its entirety without specifying any deficiency or insufficiency.

On June 26, 1979, plaintiff by and through her guardian ad litem Winford Michael Bradshaw, and plaintiff's mother Ramona Bradshaw filed a complaint against School District and a number of other defendants for damages. In paragraph 66 in the fifth cause of action which was directed at School District it was alleged: "As a further proximate result of the foregoing, plaintiff YVONNE WHITE was required to, and did, employ physicians and other health care practitioners to examine, treat, prescribe and care for her, and plaintiff has incurred hospital, medical, pharmaceutical, physiotherapeutic and other incidental and related expenses therefor. Plaintiff YVONNE WHITE is informed and believes and thereon states that she will require such care and attention for an indefinite time in future and will continue to incur expenses therefor. The exact amount of all such expenses is unknown at this time, and will be stated pursuant to C.C.P., §§ 425.10(b) and 425.11, subject to amendment and supplementation as may be appropriate."

The sixth cause of action of the complaint purported to be a separate cause of action on behalf of plaintiff's mother Ramona Bradshaw. Paragraph 69 in the sixth cause of action alleged: "By reason of said injuries to said YVONNE WHITE plaintiff RAMONA BRADSHAW the mother of said child, has incurred great expense for medical and surgical attendance, hospital bills, bills for x-rays, nursing and care of said child in an amount that cannot now be ascertained in an endeavor to cure YVONNE WHITE of said injuries, and will, in the future, incur further great medical expense in continuing such attempted cure in an amount which cannot at this time be ascertained. When said amount has been ascertained, plaintiff will ask leave of court to amend this complaint to so state."

The prayer of the complaint included as to the fifth cause of action a prayer for the recovery of "Medical and related expenses according to proof to be adduced." In respect to the sixth cause of action the prayer included a request for recovery of "medical and incidental expenses according to proof to be adduced."

We are told that the allegations contained in both paragraph 66 and paragraph 69 were carried forward verbatim into a first amended complaint filed in October 1979. However, no copy of the first amended complaint has been found in the clerk's transcript.

Plaintiff's opening brief on appeal states: "When [plaintiff] attained the age of majority, her father, Winford Michael Bradshaw, was removed as Guardian ad Litem. In addition, Ramona Bradshaw's cause of action for recovery of [plaintiff's] medical expenses was voluntarily dismissed." No citation to the record is given to authenticate those events. However, the record does show an order filed May 3, 1983, amending the caption of the case so that the only plaintiff named was Yvonne White. Citing to the copy of that order in the clerk's transcript, School District states in its brief: "On May 3, 1983, shortly before this matter was called to trial, an order was entered by Riverside Superior Court amending the caption deleting Winford Michael Bradshaw as Guardian ad Litem for appellant, YVONNE WHITE, and additionally deleting plaintiff, Ramona Bradshaw."

On the motion of School District the issues of liability and damages were ordered bifurcated, and on May 3, 1983, the case was called for trial on the issue of liability. On May 18, 1983, the jury returned its special verdict finding defendant Kurt Nenno, aka Kurt Spuck, negligent and 65 percent at fault, School District negligent and 10 percent at fault and plaintiff contributorily negligent and 25 percent at fault.

On May 23, 1983, trial commenced on the issue of damages, and on June 2, 1983, the jury returned its special verdict in favor of plaintiff in the

amount of $200,000. After a reduction of the jury award for a settlement previously received by plaintiff from defendant Nenno in the amount of $96,000 and after a further reduction for plaintiff's 25 percent contributory fault, judgment on the special verdict was entered against School District in the net amount of $54,000.

At the trial on the issue of damages, extensive evidence was presented by plaintiff as to the extent of her injuries, the nature and character of the medical treatment she received, anticipated future medical expenses and loss of earnings and loss of earning capacity. However, the trial court had granted School District's motion in limine to exclude all evidence of the amount of medical expenses incurred to the time of trial which assertedly had all been incurred and paid by plaintiff's mother Ramona Bradshaw, perhaps through her medical insurance policy or that of her husband. The court's ruling was based on its conclusion that the tort claim presented to School District on behalf of plaintiff did not include any claim on her part for medical expenses; that, on the contrary, in the claim that was presented only plaintiff's mother claimed medical expense damages; and that in fact the mother's claim was included in the complaint filed against the School District but the mother's cause of action was subsequently voluntarily dismissed.

Asserting the court had erroneously ruled "that no evidence of any medical bills incurred, due to the injuries suffered by the Plaintiffs [*sic*], [could] be presented to the jury," plaintiff moved for a new trial on the issue of damages or in the alternative for an additur of $300,000 to the damages awarded against School District. The motion was denied and this appeal ensued.

### Contentions and Discussion

Plaintiff advances essentially two contentions on appeal: (1) that the claim submitted on behalf of her and her mother was sufficient, at least under the doctrine of substantial compliance, to put School District on notice that plaintiff was claiming medical expenses; and (2) even if not, evidence of the amount incurred by or on behalf of plaintiff in medical expenses was relevant to and should have been admitted as bearing upon the extent of plaintiff's injuries and pain and suffering (see *Helfend* v. *Southern Cal. Rapid Transit Dist.* (1970) 2 Cal.3d 1, 11 [84 Cal.Rptr. 173, 465 P.2d 61, 77 A.L.R.3d 398].)

We have concluded that the claim filed on behalf of plaintiff and her mother, while perhaps ambiguous, was sufficient to cover plaintiff's claim

for recovery of medical expenses and therefore we need not resolve defendant's second contention.

Preliminarily, we think it advisable to dispose of a contention of School District not accepted by the trial court but which, if legally correct might support the trial court's exclusion of the evidence of plaintiff's medical expenses. The contention is that since the mother incurred the obligations and paid them, the right of action to recover those expenses was hers not the plaintiff's. As disclosed by the very cases cited by School District, that is not an accurate statement of the law.

As stated by the court in *Faitz* v. *Ruegg* (1981) 114 Cal.App.3d 967, 971 [171 Cal.Rptr. 149]: "The applicable rules were summarized in *Bauman* v. *San Francisco* (1940) 42 Cal.App.2d 144 [108 P.2d 989], . . . at pages 162-163, as follows: 'The parents of a minor are normally responsible for medical and hospital care furnished the minor, and the cause of action to recover these items normally rests with the parents. But the child is also liable for the reasonable value of these expenses. Moreover, where the parents bring the action as guardians ad litem, and the bills have not been paid, and these expenses are pleaded, this constitutes a waiver of the parents' rights, and at least where contributory negligence of the parents is not asserted as a defense, the child may properly recover these items. In such case the parents would be estopped from recovering these expenses on their own behalf' . . . . (See also *Morningred* v. *Golden State Co.* (1961) 196 Cal.App.2d 130, 138-139 [16 Cal.Rptr. 219]; *Shriver* v. *Silva* (1944) 65 Cal.App.2d 753, 768 [151 P.2d 528])." (Italics deleted.)

Thus, strictly speaking, the cause of action to recover medical expenses incurred on account of a minor's personal injuries does not belong exclusively to the parents; in reality it belongs to both the parents and the minor. (See *Bauman* v. *San Francisco* (1940) 42 Cal.App.2d 144, 161 [108 P.2d 989].) Otherwise it would be legally impossible for a parent to "waive" his or her claim in favor of the minor by instituting an action to recover such expenses as guardian ad litem for the minor. If the minor was not an owner of the right of action in the first place, no "waiver" on the part of the parent could serve to transfer it to the minor.

Having concluded that the minor plaintiff was a co-owner of the right of action to recover her medical expenses and it being undisputed that she pleaded a cause of action against School District for the recovery of the medical expenses, only one question remains: was the tort claim presented to School District on behalf of the minor so utterly deficient in giving notice she was claiming the right to recover her medical expenses that she was barred from pleading and proving that element of damages? No.

As stated by the court in *Loehr* v. *Ventura County Community College Dist.* (1983) 147 Cal.App.3d 1071, 1082-1083 [195 Cal.Rptr. 576]: "Although a claim need not conform to pleading standards, the facts constituting the causes of action pleaded in the complaint must substantially correspond with the circumstances described in the claims as the basis of the plaintiff's injury. (*Connelly* v. *State of California* (1970) 3 Cal.App.3d 744, [753] [84 Cal.Rptr. 257].) Where there has been an attempt to comply but the compliance is defective, the test of substantial compliance controls. Under this test, the court must ask whether sufficient information is disclosed on the face of the filed claim 'to reasonably enable the public entity to make an adequate investigation of the merits of the claim and to settle it without the expense of a lawsuit.' (*City of San Jose* v. *Superior Court* (1974) 12 Cal.3d 447, 456 [115 Cal.Rptr. 797, 525 P.2d 701, 76 A.L.R.3d 1223].)" (See also *State of California* ex rel. *Dept. of Transportation* v. *Superior Court* (1984) 159 Cal.App.3d 331, 336-338 [205 Cal.Rptr. 518].) Stated another way, the claimant's judicial pleadings are limited to bases for recovery "fairly reflected in the written claim." (*State of California* ex rel. *Dept. of Transportation* v. *Superior Court, supra,* 159 Cal.App.3d at p. 336.)

While the claim filed on behalf of plaintiff was far from a model of clarity, we do not agree with School District that it so utterly failed to indicate plaintiff was seeking recovery of her medical expenses that she was precluded from suing therefor. The claim indicated that plaintiff was the injured person, and the amount of the claim "in excess of $500,000.00," indicated plaintiff's personal injuries were serious in nature. Substantial medical expenses would, of course, naturally and certainly result from serious personal injuries.

It is true, of course, that paragraph (d) of the claim, which purported to give a "general description of the injury, damage or loss incurred so far as it may be known at this time," recited: "Personal injuries to Claimant YVONNE WHITE. Medical expenses incurred by Claimants WINFORD BRADSHAW and ROMONA [*sic*] BRADSHAW." However, by its very language paragraph (d) purported to set forth only such injuries and damages as were then known and the claim was filed on December 19, 1978, less than two months after the date of injury. Moreover, paragraph (f) of the claim stated the amount of the claim at that time to be "in excess of $500,000.00" without specifying any particular amount separately as to either plaintiff or her parents. In other words, the claims were lumped together as if all claimants were claiming the combined total in excess of $500,000. Paragraph (f) then indicated that the amount claimed was computed on the basis of, in relevant part, "Medical specials (present and future) . . . ." Thus, the claim is susceptible to the interpretation that at that point in time both

plaintiff and her parents were claiming the right to reimbursement of medical expenses. This is especially so in view of the fact that less than two months had passed since the accident and that, no doubt, many of the medical expenses had yet to be incurred or paid.

So interpreted, plaintiff's claim was adequate to reasonably enable School District to make an adequate investigation and to settle the claim, including the medical expenses which were clearly encompassed within the overall claim. While the claim might have been denied on the ground that it failed to state the damages claimed by each claimant, no such defect or insufficiency was specified in School District's rejection of the claim.

Even were plaintiff's claim not so interpretable, however, the result would be the same. Of those cited by the parties the decision most in point is *Alderson* v. *County of Santa Clara* (1954) 124 Cal.App.2d 334 [268 P.2d 792, 52 A.L.R.2d 1393]. There the mother of two injured minors was held entitled to recover medical expenses and hospital fees paid by her for the minors' care and treatment notwithstanding the fact that she had filed no claim whatever on her own behalf. In respect to the mother's recovery of medical expenses the court reasoned in pertinent part: "While a claim on behalf of the minors was filed with defendant . . ., no separate claim was filed on behalf of Phyllis Alderson [the mother] for medical expenses incurred in behalf of the minors on which her cause of action was based. No right of action exists without such claim. (*Norton* v. *City of Pomona,* 5 Cal.2d 54 [53 P.2d 952]; *Thompson* v. *County of Los Angeles,* 140 Cal.App. 73 [35 P.2d 185].) Because such claim was not filed plaintiff Phyllis was properly nonsuited (*Gapin* v. *City of Los Angeles,* 34 Cal.App.2d 660 [94 P.2d 359]) unless, as claimed by plaintiff, her claim is an integral part of the claim filed by her on behalf of the minors for general damages. . . . [¶] In recent years the interpretation of the claim statute has been greatly liberalized. (See cases cited in *Sullivan* v. *City & County of San Francisco, supra,* 95 Cal.App.2d 745, 764 [214 P.2d 82].) As said in *Kelso* v. *Board of Education, supra,* 42 Cal.App.2d 415 [109 P.2d 29], the purpose of requiring the filing of a claim 'as a condition precedent to bringing a suit against public entities, boards, commissions, etc., is simply to enable such public officials to make a proper investigation concerning the merits of the claim and to settle it without the expense of a lawsuit, if settlement should be shown to be proper.' (P. 421.) In our case, while no claim for special damages was filed by the mother . . ., defendant received from Phyllis as mother of the minors full notice of the accident, the persons injured therein, and the fact that damages were claimed. Paraphrasing the language of the *Kelso* case (p. 421), 'It would strain one's imagination to suppose' that the defendant would not know that minors suffering injuries to the extent set forth in the claim would have required medical and hospital attention. Again

using the *Kelso* case language, 'It is at once apparent that before the defendants could determine the presence or absence of any liability upon their part to the . . . [injured boys' mother], they would of necessity have to determine the existence of any primary liability to the injured minor.' (P. 421.) If defendant owed the minors no obligation, then of course there would be no obligation to the mother for the moneys paid out in their behalf. If it did owe the minors an obligation then the mother's claim for those moneys logically would seem to be an integral part of their claim to be compensated 'for all the detriment proximately caused' by the defendant's tort. (Civ. Code, § 3333.) Defendant could not possibly be injured by the failure to file a claim for medical, etc., expenses in a matter so closely related to the claim filed and the persons for whom the claim was filed. '. . . literal compliance with the claim statute is not required—substantial compliance is sufficient.' (*Sullivan* v. *City & County of San Francisco, supra,* 95 Cal.App.2d 745, 764.) Because of the close relationship of the parties and the subject matter of their causes of action, we are constrained to hold that there was a substantial compliance with the claim statute." (*Alderson, supra,* 124 Cal.App.2d at pp. 343-345.)

■ The case at bench represents the flip side of the *Alderson* case. Here, School District claims the injured minor herself presented no claim for the recovery of her medical expenses, but the mother did. School District attempts to distinguish the *Alderson* case on the circumstances that here the mother subsequently filed suit on her own behalf for recovery of the medical expenses and later voluntarily dismissed the action. However, in terms of the sufficiency of the plaintiff's claim, those circumstances establish a difference without a distinction. If the minors' claim in *Alderson* was sufficient to permit the mother to maintain an action in her own name for recovery of the medical expenses even though she had filed no claim, a fortiori the combined claim of the minor and her parents in the case at bench, undifferentiated as to the amount claimed by each and making specific reference to past and future medical expenses as part of the overall claim is sufficient to support an action by the injured minor for recovery of her medical expenses.

We fail to comprehend the great significance School District places upon the mother's subsequent voluntary dismissal of the cause of action in her own name. If that event had any significance it would appear to us to be similar in nature to a parent's institution of suit for recovery of the medical expenses as guardian ad litem of the minor, to wit, a waiver of her own cause of action in favor of plaintiff. (See *Faitz* v. *Ruegg, supra,* 114 Cal.App.3d 967, 971; *Bauman* v. *San Francisco, supra,* 42 Cal.App.2d 144, 161.) The medical expenses assertedly amounted to more than $50,000. It is inconceivable the mother meant simply to abandon a claim of that magnitude. More likely, being aware that plaintiff had also pled a cause of

action for recovery of the medical expenses, the mother was content to permit plaintiff to pursue their recovery. We deem it unnecessary, however, to decide the waiver question.

### Conclusion and Disposition

Having concluded plaintiff's tort claim was not insufficient to support her action for recovery of her medical expenses, it follows that the court committed prejudicial error in excluding the evidence of plaintiff's medical expenses. Accordingly, the judgment is reversed for new trial on the issue of damages. In all other respects the judgment is affirmed. Plaintiff shall recover her costs on appeal.

McDaniel, J., and Taylor, J.,* concurred.

*Assigned by the Chairperson of the Judicial Council.